**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNIE LEE BROWN,

        Plaintiff,

        v.

MAILROOM PROCESSOR # 14; P. CARRIER; RICHARD KIRKLAND; and S. ORTIZ,

        Defendants.

No. C 05-4163 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at Corcoran State Prison, has filed a pro se civil rights complaint and an amended complaint. He has been granted leave to proceed in forma pauperis. The amended complaint is now before the court for screening.

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting

under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Legal Claims*

Plaintiff alleges that the defendant mail room employee opened mail addressed to him from the County of San Joaquin Child Protective Services department.  He asserts that this was "legal confidential mail exempt from sc[ru]tiny."  The other defendants are the officials who denied his grievances about the opening of the letter.

Petitioner's main complaint seems to be that the prison violated California regulations regarding what mail can be opened outside the presence of the inmate.  That might be actionable in state court, or even in this court if there also were a federal claim on which to ground jurisdiction.  However, there is no federal right to be present when mail from public officials or agencies is opened.  *Mann v. Adams*, 846 F.2d 589, 590 (9th Cir. 1988).  Plaintiff thus has failed to state a section 1983 claim, and, because there is no constitutional right not to have such mail opened, an amendment would be futile.  The section 1983 claim will be dismissed without leave to amend.

The court declines to exercise supplemental jurisdiction over any state law claim that plaintiff may have intended to present.  *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The section 1983 claim is **DISMISSED** with prejudice.  Any state law claims are **DISMISSED** without prejudice.  The clerk shall close the file.  Plaintiff's motions (documents numbered seven and eight on the docket) are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: February 27, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\BROWN163.DSM

2